J-S29019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| A.M. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| L.B. | |
| | No. 3347 EDA 2016 |

APPEAL OF:  STACEY L. SHIELDS, ESQUIRE

Appeal from the Order September 29, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2011-0087

BEFORE:  LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SOLANO, J.     **FILED SEPTEMBER 29, 2017**

Appellant, Stacy L. Shields, Esquire, former counsel for L.B. ("Mother"), appeals the September 29, 2016 order of the Court of Common Pleas of Montgomery County holding Appellant in criminal contempt and ordering her to pay a $100 fine to the Montgomery County Bar Association and counsel fees of $620 to Brian Smith, Esquire, counsel for A.M. ("Father").  We affirm.

The underlying case commenced in January 2011.  Trial Ct. Op., 4/7/15, at 1; [**A.M.**] **v.** [**L.B.**], No. 921 EDA 2015, at 1-2 (Pa. Super. May 4, 2015) (unpublished memorandum); Trial Ct. Op., 12/20/16, at 1-2.  On

_____

[*] Former Justice specially assigned to the Superior Court.

March 15, 2011, Appellant entered her appearance on behalf of Mother.[1]  On October 1, 2014, Mother filed an emergency petition to modify custody.  On October 20, 2014, the trial court held a pre-trial conference on the emergency petition, which was attended by Mother, Father, and Attorney Smith.  When Appellant failed to appear, the trial court called her office from the bench; excerpts of the telephone call, which was conducted on a speaker phone and transcribed as part of the notes of testimony, follow:

> THE COURT:     Hi.  This is Judge Weilheimer.  I'm calling for Stacey Shields.  Is she available?
>
> [APPELLANT'S] SECRETARY: No, she's not.  **She's with a client.**
>
> THE COURT:     Well, **I'm on the bench right now** in a case where she still has her appearance entered and we haven't heard from her, nor has she withdrawn her appearance.
>
> . . .
>
> THE SECRETARY: **She said to leave your number and as soon as she's finished prepping her client, she'll give you a call back.**
>
> THE COURT:     Yes.  I'm on the bench right now in the middle of this case.  So I will give you the number for chambers but I'm about to start another trial and if she has not withdrawn her appearance, she will have to come into court and address that.  So let me give you the number.

---

[1] In her brief to this Court, Appellant explained:  "[Appellant] entered her appearance for [Mother] on March 15, 2011.  Owing to financial constraints, however, [Mother] continued to represent herself pro se over the next three years and, when she could afford to engage [Appellant's] services, she would do so."  Appellant's Brief at 5.

THE SECRETARY: Okay. Hold on. Let me tell her you're on the bench. Hold on.

[After Appellant comes to the phone:]

[APPELLANT:] Well, if [Attorney Smith] wants to call me directly now, Your Honor, so not to hold up your list, and if [Mother] doesn't mind, I don't mind speaking to him now. **It just would be difficult for me because I don't know if she told you that she pulled me out of a deposition right now because you're on the phone.**

. . .

[THE COURT:] I'm going to need you to withdraw your appearance immediately so they can start talking directly; otherwise, we will schedule it back for a short list and I'll need you here in court.

N.T., 10/20/14, at 2-4 (emphasis added). The trial court described Appellant as "lack[ing] concern for her absence in court," Trial Ct. Op., 12/20/16, at 2, and Appellant's "tone" as "disrespectful and dismissive." Order, 5/13/16, at 1.

Later that day, the trial court entered a written order clarifying the two options that it gave to Appellant at the conclusion of the conference call: Appellant "must withdraw her appearance no later than November 3, 2014, or, in the alternative, be present for the rescheduled Short List Conference on November 18, 2014 at 12:00 P.M." Order, 10/20/14. Appellant failed to comply with either option.

Appellant claims that she then attempted to file a praecipe for withdrawal of her appearance, but that the prothonotary rejected it because it was not signed by Mother. According to Appellant, she then sent the

praecipe to Mother with instructions for Mother to sign it and file it with the court. However, because Mother was ill and having surgery, Mother never saw Appellant's correspondence and did not take any action regarding the praecipe. Appellant concedes that she took no action herself to follow up with Mother or to assure that the praecipe was filed, depending entirely on Mother to file the legal document that the court had ordered Appellant to file. As a result, Appellant's appearance for Mother was never withdrawn. When the date of the November 18, 2014 conference arrived, Appellant did not attend because she assumed her appearance had been withdrawn. Appellant made no effort to confirm that fact, even though the court had ordered her to appear at the conference if she did not withdraw her appearance.

On November 24, 2014, without holding a hearing, the trial court issued an order holding Appellant in direct criminal contempt "as she has failed to comply with the October 20, 2014 Order of this Court by failing to appear for a Short List Conference on November 18, 2014, thereby obstructing the administration of this case." Order, 11/24/14; **see also** Trial Ct. Op., 4/7/15, at 3; Trial Ct. Op., 12/20/16, at 3. Appellant was ordered to pay a fine of $250 to the Montgomery County Bar Association within thirty days of the date of the order and to pay counsel fees of $620 to Attorney Smith "for preparation and appearance at the short list conference[s] held on November 18, 2014 and October 20, 2014." *Id.*

On December 18, 2014, Appellant timely filed her first notice of appeal, in which she challenged various aspects of the trial court's discretionary authority to issue contempt orders. On May 4, 2016, we issued an opinion at Docket Number 921 EDA 2015 that "vacate[d] and remand[ed] for further proceedings." [**A.M.**], 921 EDA 2015, at 1.

We explained that under the Judicial Code, 42 Pa. C.S. § 4132(2), a court may "impose summary punishments for contempts of court" in cases of "disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court," and that this power extends to "disobedience or neglect by attorneys," including, specifically, "counsel's failure to appear for a scheduled court appearance." [**A.M.**], 921 EDA 2015, at 4-5. We therefore held that "a finding of contempt based on Appellant's failure to either withdraw her appearance or appear in court at the November 18, 2014 short list conference falls within the purview of § 4132(2)." **Id.** at 6. We added, however, that a remand was needed for a hearing on Appellant's state of mind when violating the trial court's order:

> Regarding [§] 4132(2), a finding of contempt pursuant to this subsection must be supported by the following four elements:
>
> (1) The [court's] order or decree must be definite, clear, specific and leave no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited;
>
> (2) The contemnor must have had notice of the specific order or decree;

- 5 -

(3) The act constituting the violation must have been volitional; and

(4) The contemnor must have acted with wrongful intent.

Further, unless the evidence establishes an intentional disobedience or an intentional neglect of the lawful process of the court, no contempt has been proven. Moreover, a conviction for criminal contempt requires proof beyond a reasonable doubt.

*In the Interest of C.W.*, 960 A.2d [458], 467 [(Pa. Super. 2008)] (quotation, quotation marks, and citations omitted). . . .

Notwithstanding Appellant's arguments that the October 20, 2014 order was vague and without warning that non-compliance would be regarded as a contempt of court, we have little trouble in concluding that there was sufficient evidence to establish the first two elements listed in the foregoing test. . . . Moreover, Appellant's claim that she should have been forewarned about the consequences of non-compliance is self-serving and unworthy of merit. Hence, the record supports the trial court's determinations with respect to the first two elements of direct criminal contempt.

We are more troubled, however, with the trial court's findings that Appellant acted with volition and wrongful intent . . . .

[Our] cases suggest strongly that an attorney's failure to appear at a scheduled court proceeding is not *per se* grounds for a finding of contempt where other circumstances justify or explain the attorney's absence. . . .

In the absence of an evidentiary hearing and against the backdrop of our prior cases, we are reluctant to conclude (as the trial court has done) that Appellant's failure to appear, without more, demonstrated the requisite proof beyond a reasonable doubt that she acted deliberately and with wrongful intent. The order at issue gave Appellant the option to withdraw her appearance prior to the November 18, 2014 short list conference. Appellant has come forward with an explanation declaring that she attempted, albeit unsuccessfully, to exercise that option. Appellant raised this contention in her motion to

have the court reconsider its contempt finding. The trial court . . . never conducted a hearing pertaining to the sanctions order and, hence, never received or reviewed relevant documents or testimony. If credited by the court, Appellant's explanation would tend to show that her conduct, while perhaps irresponsible and unprofessional, fell somewhat short of willfully wrong or intentional. Accordingly, on the limited record before us, we vacate the order imposing sanctions and remand for further proceedings.

[**A.M.**], 921 EDA 2015 at 6-8, 10-11 (footnotes omitted).

On May 13, 2016, the trial court scheduled a hearing on the direct criminal contempt accusations against Appellant for May 31, 2016. The scheduling order thoroughly articulated the accusations against Appellant, including all of the procedural history explained above. Order, 5/13/16, at 1-2. The order also warned that "should [Appellant] be held in direct criminal contempt, this Court may impose a monetary fine as a form of sentence." **Id.** at 3. Finally, the order instructed Appellant "to bring to the Contempt Hearing any financial statements, tax returns or other applicable documents to assist th[e trial c]ourt in said determination." **Id.**

After being rescheduled, the hearing was held on September 22, 2016. At its conclusion, the trial court found that Appellant's behavior in contravention of its October 20, 2014, order, "was volitional, willful and deliberate." Trial Ct. Op., 12/20/16, at 4. After receiving evidence of Appellant's financial hardship, the trial court reduced the amount to be paid by Appellant to the Montgomery County Bar Association from $250 to $100.

On September 29, 2016, the trial court entered a written order confirming this holding.

The next day, Appellant filed timely a notice of appeal to this Court. Appellant now raises the following issues for our review:

1.    Whether the court exceeded the scope of the Superior Court's remand order when it found Attorney Shields in contempt of court, thereby committing an error of law.

2.    Whether the court committed an error of law when it concluded that sufficient evidence of intent was adduced at the contempt hearing to support a finding of direct criminal contempt against Attorney Shields.

3.    Whether the court abused it[s] discretion when its finding that Attorney Shields[] was in direct criminal contempt was against the weight of the evidence adduced.

4.    Whether the court abused its discretion when it refused to recuse and disqualify itself from proceedings in the present criminal contempt matter.

Appellant's Brief at 4 (unnecessary capitalization omitted).

Our standard of review "when considering an appeal from an order holding a party in contempt of court is narrow:  We will reverse only upon a showing of an abuse of discretion." *Childress v. Bogosian*, 12 A.3d 448, 465 (Pa. Super. 2011) (citation omitted).  Similarly, "[a] judge's refusal to recuse himself will not be reversed absent a clear abuse of discretion." *Commonwealth v. Council*, 421 A.2d 623, 625 (Pa. 1980).  "Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Brown*, 23 A.3d 544, 560 (Pa. Super. 2011) (*en banc*).

After a thorough review of the record, the briefs of the parties, the above applicable law, and the well-reasoned opinion of the Honorable Gail A. Weilheimer dated December 20, 2016, we conclude that Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. *See* Trial Ct. Op., 12/20/16, at 4 (finding that this Court previously concluded that "there was sufficient evidence to establish the first two elements listed in" the test for a finding of contempt pursuant to 42 Pa.C.S. § 4132(2)), 10-16 (finding that the remaining two elements – that Appellant's violative act was voluntary and that Appellant acted with wrongful, willful intent – were established beyond a reasonable doubt by sufficient evidence, and making credibility determinations that also go towards the weight of the evidence), 16-19 (finding that the trial court did not abuse its discretion when denying Appellant's motion for recusal as there are no bases for such relief), and 4, 17 (finding the trial court, as per and within the scope of the Superior Court's direction, held a full, fair, and impartial contempt hearing to determine the limited issues of whether Appellant's failure to abide by the October 20, 2014, Order was voluntary, willful, and deliberate beyond a reasonable doubt (citing [*A.M.*], 921 EDA 2015 at 10-11)). With respect to proof of willful intent, the trial court found that, although it believed the testimony regarding why Mother failed to file the praecipe for withdrawal, Appellant still was willfully wrongful in delegating to Mother the responsibility

to make that filing even though the trial court placed that responsibility on Appellant, failing to make sure that the filing had been accomplished, and concluding that she did not have to appear at the November 18, 2014 conference. Trial Ct. Op., 12/20/16, at 10-16. We defer to the findings by the trial court on this issue and find no error.

Thus, we affirm on the basis of the trial court's opinion, and the parties are instructed to attach a redacted copy of the trial court's opinion of December 20, 2016, to any future filing that references our decision. The trial court's opinion of December 20, 2016, had affixed to it the trial court's order of October 20, 2014, the trial court's opinion of April 7, 2015, this Court's memorandum opinion of May 4, 2016, and the trial court's scheduling orders of May 13, 2016, and May 26, 2016; redacted copies of these four documents should therefore also be attached to any future filing that references our decision.

Order affirmed.

*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: _9/29/2017_